UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON BELKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV00452 ERW |
| | ) |
| CASINO ONE CORPORATION d/b/a | ) |
| Lumiere Place Casino & Hotel, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Todd Barthelmass's Motion to Dismiss [ECF No. 7].

## I. BACKGROUND

The Court accepts as true the following well-pleaded facts in Plaintiff Aaron Belkin's Complaint [ECF No. 20-1].[1] *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). On January 28, 2012, Belkin attempted to patronize Lumiere Casino, a gaming institution owned and operated by Defendant Casino One Corporation d/b/a Lumiere Place Casino & Hotel (Casino). At the time, Defendants Todd Barthelmass and Ricky Rorie, gaming agents employed by Defendant Missouri State Highway Patrol (MSHP), were stationed at Casino.

Upon entering Casino's premises, Casino personnel accused Belkin of being under 21 years of age and of presenting fake identification. Notwithstanding he was, in fact, over 21 years

---

[1] On April 21, 2014, the Court granted Plaintiff's request to re-designate his Petition as his Complaint. The Complaint differs from the Petition only to the extent it contains a federal caption and an additional single page, which was mistakenly omitted from the Petition.

of age, and presented multiple forms of identification, Casino personnel detained him. During this detention, Casino personnel "became verbally abusive and aggressive towards [Belkin] and began to congregate in the area around [Belkin] in an aggressive and threatening manner." ECF No. 20-1 at ¶ 12. Belkin repeatedly asked Casino personnel to let him leave Casino premises, but, "through words and/or actions," Casino personnel prevented Belkin from doing so. ECF No. 20-1 at ¶ 13.

During Belkin's detention, Casino personnel summoned other individuals, including Barthelmass and Rorie. Barthelmass and Rorie continued to detain Belkin. They acted in an aggressive manner and subjected him to verbal abuse, including homosexual slurs. They continued to accuse Belkin of presenting fake identification and of being under 21 years of age, and they refused his requests to leave the premises. Barthelmass and Rorie "engaged in physical contact and excessive force with [Belkin], grabbing [Belkin's] arms, neck and head and forcefully throwing [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Belkin suffered physical and mental injuries, and required medical treatment.

Belkin subsequently brought the instant lawsuit, which was removed by Defendants from state court, against Casino, MSHP, Rorie, and Barthelmass. Against Barthelmass, the Complaint asserts claims of assault (Count I), battery (Count II), "battery/intent to induce apprehension" (Count III), false imprisonment (Count IV), excessive force (Count VI), and a violation of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 (Count VII). Belkin seeks relief in the form of damages. Barthelmass now moves to dismiss Counts I, II, III, IV and VII as they apply against him.[2]

---

[2] Count VI is separately addressed by Defendant Todd Barthemass's Motion to Dismiss Count VI [ECF No. 29]. The parties' arguments regarding Count VI will be adjudicated in a separate Memorandum and Order.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

Barthelmass argues the claims against him should be dismissed for three reasons. First, he contends the Complaint fails to allege facts with sufficient specificity to state any claim. Second, he maintains Count IV, Belkin's false imprisonment claim, must fail, because Barthelmass did not "instigate" the alleged confinement. Finally, Barthelmass contends the Court should dismiss Count VII, Belkin's § 1983 claim, because it is barred by the Eleventh

Amendment to the United States Constitution.

### A. Sufficiency of Facts Alleged

First, Barthelmass argues the Court should collectively dismiss all claims against him, because Belkin has failed to plead specific facts supporting any of his claims. Barthelmass maintains the Complaint asserts only generic accusations against him, which are merely consistent with liability, but do not make liability plausible.

The Court does not agree. The Complaint states Barthelmass accused Belkin of presenting fake identification and of being under 21 years of age. It further alleges Barthelmass used homosexual slurs against Belkin, and denied Belkin's repeated requests to leave the premises. Finally, the Complaint states Barthelmass "grabb[ed] [Belkin's] arms, neck and head and forcefully thr[ew] [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Based on these statements, the Court cannot conclude, as Barthelmass argues, the Complaint "fails to contain even a single allegation specific to the conduct of Defendant Barthelmass." ECF No. 8 at 3.

Even so, Barthelmass contends these allegations are insufficient, because the Complaint does not distinguish between the conduct of Barthelmass and other Defendants. Barthelmass fails to provide any authority for his contention that allegations of joint conduct constitute a basis for dismissal. Moreover, giving all reasonable inferences to Belkin, *Lustgraaf*, 619 F.3d at 872-73, and employing judicial experience and common sense, *Iqbal*, 556 U.S. at 679, the Court finds entirely plausible the notion that Barthelmass and Rorie, two gaming agents employed by MSHP and summoned to address the altercation with Belkin, acted jointly.[3] Therefore, the Court will not dismiss the Complaint merely because it alleges Barthelmass engaged in the same conduct as other Defendants.

---

[3] Likewise, to the extent the Complaint alleges other MSHP agents engaged in the same conduct, the Court does not find such allegations implausible.

### B. *False Imprisonment Claim*

Barthelmass argues the Court should dismiss Count IV, Belkin's false imprisonment claim, because the Complaint does not allege Barthelmass "instigated" the alleged confinement. This argument, however, misses the mark. In Missouri, "[f]alse imprisonment, also called false arrest, is the confinement, without legal justification, by the wrongdoer of the person wronged." *Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006) (en banc) (internal quotations omitted). To state a claim of false imprisonment, the plaintiff need not allege the defendant "instigated" the confinement. Rather, "[a] person can be liable for false imprisonment if he encourages, causes, promotes, *or* instigates the arrest."[4] *Id.* (emphasis added).

Viewed this way, the Complaint contains facts sufficient to support a claim of false imprisonment. While it does not state Barthelmass instigated Belkin's alleged confinement, it does state Barthelmass continued the confinement, by acting aggressively, verbally abusing Belkin with homosexual slurs, denying Belkin's repeated requests to leave through words and conduct, and ultimately "grabbing" his arms, neck, and head, and forcing him to the ground. *See* ECF No. 20-1 at ¶ 14. Therefore, the Court concludes Belkin has sufficiently alleged Barthelmass "aid[ed], abet[ted] or assist[ed] in an unlawful imprisonment[.]" *Rustici*, 673 S.W.2d at 768. Taking the allegations as a whole, *Zoltek Corp.*, 592 F.3d at 896 n.4, Belkin has stated a plausible claim for false imprisonment, and the Court will not dismiss Count IV.

### C. *Claim under 42 U.S.C. § 1983*

Finally, Barthelmass moves to dismiss Count VII, Belkin's § 1983 claim. Barthelmass argues Count VII is barred by the Eleventh Amendment, because Belkin seeks damages against a

---

[4] In his Reply, Barthelmass concedes "all persons who directly procure, aid, abet or assist in an unlawful imprisonment are liable as principals." ECF No. 24 at 3 (quoting *Rustici v. Weidemeyer*, 673 S.W.2d 762, 768 (Mo. 1984) (en banc)). However, he still maintains the Complaint fails to plead any facts establishing he falsely imprisoned Belkin.

public official in his official capacity. Belkin responds the Eleventh Amendment does not apply in the instant case, because its protections have been waived.[5]

The Eleventh Amendment bars suits "by private parties seeking to impose liability which must be paid from public funds in the state treasury[.]" *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 n.34 (1984)). In other words, the Eleventh Amendment bars suits "when State officials are sued for damages in their official capacity." *Ky. v. Graham*, 473 U.S. 159, 169 (1985). Unless the pleadings unambiguously and expressly state the public official is being sued in his or her individual capacity, the Court must assume the defendant is named only in his or her official capacity. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Court agrees Count VII should be dismissed. Because the Complaint fails to expressly and unambiguously state Barthelmass is a defendant in his individual capacity, the Court must assume he is named only in his official capacity. *Chisom*, 501 F.3d at 923. Additionally, Count VII seeks relief only in the form of damages, and the Eleventh Amendment therefore "protect[s] the state treasury from liability" in this case. *Hadley*, 76 F.3d 1438 (internal quotations omitted).

---

[5] Additionally, Belkin discusses Missouri's official immunity doctrine, and contends it does not apply here. The Court will disregard any discussion of the official immunity doctrine, because Barthelmass does not raise it as a ground for dismissal. The salient inquiry is whether the Complaint states a claim upon which relief can be granted when it seeks damages against a public official, and fails to name him in his individual capacity.

In response, Belkin argues Eleventh Amendment protection has been waived here. Specifically, Belkin cites *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), for the proposition that where, as here, a party removes a case from state court, such party waives its protections under the Eleventh Amendment. This notion, however, takes *Lapides* too far. While the Supreme Court in *Lapides* did find removal constituted a waiver of Eleventh Amendment immunity, it expressly limited its holding to situations in which the State, being sued for state law claims, "has explicitly waived immunity from state-court proceedings." 535 U.S. at 617.

In contrast, Count VII, a claim based on 42 U.S.C. § 1983, is premised on federal law, and neither party alleges Barthelmass waived his immunity at the state court proceedings. The Eighth Circuit has yet to resolve whether a defendant waives immunity on a federal claim by the simple act of removing to federal court, and other circuits are split on this issue. *See, e.g.*, *Bd. or Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc.*, 653 F.3d 448, 461 (7th Cir. 2011) (describing the application of *Lapides* to all instances of removal as "the proper result"); *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 342 (1st Cir. 2011) ("[T]here is nothing unfair about allowing the state to raise its immunity defense in federal court after having removed the action. Simply put, removal did not change the level of the playing field.").

On more than one occasion, however, this Court has held *Lapides* does not extend to situations where, as here, the defendant did not waive immunity at the state level. *See, e.g.*, *Lacy v. Gray*, No. 4:13CV370 RWS, 2013 WL 3766567, at *3 (E.D. Mo. July 16, 2013); *Johnson v. Bd. of Police Comm'rs*, No.4:06CV605 CDP, 2007 WL 1629909, at **3-4 (E.D. Mo. June 4, 2007). Aside from these well-reasoned decisions, the Court is persuaded by the cogent opinions of other circuits; if removal to federal court amounted to a waiver of immunity per se,

> a state with a colorable immunity defense to a federal claim brought against it in its own courts would face a Morton's Fork: remove the federal claim to federal court and waive immunity or litigate the federal claim in state court regardless of its federal nature. Either way, the state would be compelled to relinquish a right: either its right to assert immunity from suit or its 'right to a federal forum[.]'

*Bergemann*, 665 F.3d at 342 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Therefore, the Court concludes Barthelmass has not waived Eleventh Amendment immunity through the simple act of removing to federal court, because under the facts of this case, the "narrow holding of *Lapides*" does not apply. *Watters v. Wash. Metro. Area Transit Auth.*, 295 F.3d 36, 42 n.13 (D.C. Cir. 2002). The Court will dismiss Count VII without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Todd Barthelmass's Motion to Dismiss [ECF No. 7] is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that Defendant Todd Barthelmass's Motion to Dismiss Counts I, II, III, and IV is **DENIED.**

**IT IS FURTHER ORDERED** that, as to Defendant Todd Barthelmass, Count VII of the Complaint shall be **DISMISSED, without prejudice.**

Dated this  1st  Day of May, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE