UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON BELKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV00452 ERW |
| | ) |
| CASINO ONE CORPORATION d/b/a | ) |
| Lumiere Place Casino & Hotel, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Missouri State Highway Patrol's Motion to Dismiss [ECF No. 9].

**I.  BACKGROUND**

The Court accepts as true the following well-pleaded facts in Plaintiff Aaron Belkin's Complaint [ECF No. 20-1].[1] *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).  On January 28, 2012, Belkin attempted to patronize Lumiere Casino, a gaming institution owned and operated by Defendant Casino One Corporation d/b/a Lumiere Place Casino & Hotel (Casino).  At the time, Defendants Todd Barthelmass and Ricky Rorie, gaming agents employed by Defendant Missouri State Highway Patrol (MSHP), were stationed at Casino.

Upon entering Casino's premises, Defendants accused Belkin of being under 21 years of age and of presenting fake identification.  Notwithstanding he was, in fact, over 21 years of age,

---

[1] On April 21, 2014, the Court granted Plaintiff's request to re-designate his Petition as his Complaint.  The Complaint differs from the Petition only to the extent it contains a federal caption and an additional single page, which was mistakenly omitted from the Petition.

and presented multiple forms of identification, Defendants detained him. During this detention, Defendants subjected Belkin to verbal abuse, including homosexual slurs. They became aggressive, congregating in the area around Belkin, and "engaged in physical contact and excessive force with [Belkin], grabbing [Belkin's] arms, neck and head and forcefully throwing [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Belkin suffered physical and mental injuries, and required medical treatment.

Belkin subsequently brought the instant lawsuit, which was removed by Defendants from state court. Against MSHP, the Complaint asserts claims of assault (Count I), battery (Count II), "battery/intent to induce apprehension" (Count III), false imprisonment (Count IV), excessive force (Count VI), a violation of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 (Count VII), and "failure to instruct, supervise and/or control cognizable under 42 U.S.C. § 1983" (Count VIII). Belkin seeks relief in the form of damages. MSHP now moves to dismiss Counts I, II, III, IV, VII, and VIII as they apply against it.[2]

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This

---

[2] Count VI is separately addressed by Defendant MSHP's Motion to Dismiss Count VI [ECF No. 26]. The parties' arguments regarding Count VI will be adjudicated in a separate Memorandum and Order.

requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

MSHP contends the claims against it should be dismissed. Specifically, MSHP argues the state law tort claims are barred by sovereign immunity, and the claims under 42 U.S.C. § 1983 are precluded by the Eleventh Amendment. For reasons discussed below, the Court agrees, and will dismiss the claims against MSHP without prejudice.

### A. *State Law Tort Claims*

MSHP maintains Belkin's state law tort claims, Counts I through IV, should be dismissed, because they are barred by sovereign immunity. Belkin responds MSHP may not be entitled to sovereign immunity, if it failed to perform a statutory or department-mandated duty, or if it performed a duty in bad faith. Belkin also contends additional facts are required to determine whether sovereign immunity exists.

In Missouri, "[s]overeign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. 2002) (en banc); *see also* Mo. Rev. Stat. § 537.600. It protects governments and their political subdivisions from liability relating to the torts of their officers. *Id.* Missouri has waived sovereign immunity in only two circumstances. *Id.* First, it has waived immunity relating to injuries resulting from the negligence of public employees arising out of the operation of motor vehicles. § 537.600.1(1). Second, Missouri has waived its immunity relating

to injuries caused by a dangerous condition of a public entity's property. § 537.600.1(2).

The Court finds sovereign immunity applies to Counts I through IV. According to Belkin's own Complaint, MSHP is a state agency. ECF No. 20-1 at ¶ 4. Counts I through IV assert state tort claims against MSHP, and neither party argues an exception applies. Additionally, Belkin's remaining arguments are off-point. That is, by arguing MSHP failed to perform a statutory or department-mandated duty, Belkin conflates sovereign immunity with official immunity, as further evidenced by his reliance on *Vaughn v. Genasci*, 323 S.W.3d 454 (Mo. App. E.D. 2010).

Admittedly, in *Vaughn*, the Missouri Court of Appeals stated a municipal employee may incur tort liability by failing to perform a mandatory duty, or by performing a discretionary duty with bad faith or malice. *Id.* at 456. However, the court's discussion pertained to official immunity, as demonstrated by its citations to cases discussing that doctrine. *See Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. 2006) (en banc); *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. 1986) (en banc); *Boever v. Special Sch. Dist. Of St. Louis County*, 296 S.W.3d 487, 492 (Mo. App. E.D. 2009). Significantly, "[s]overeign immunity and official immunity are distinct legal concepts and, as readily suspected, rest on different premises and serve different purposes." *Jackson v. Wilson*, 581 S.W.2d 39, 42 (Mo. App. W.D. 1979). While sovereign immunity protects the "government itself" from liability, official immunity protects "public officials . . . from damages arising from discretionary acts or functions in the performance of their official duties." *Id.* Here, MSHP has raised sovereign immunity, not official immunity,[3] as a defense. Accordingly, whether MSHP violated a mandatory duty, or performed a discretionary duty in bad faith, is irrelevant at this juncture.

---

[3] In any event, MSHP is a state entity, not a public official. Therefore, at this time, the Court cannot foresee a situation in which MSHP would qualify for official immunity.

Likewise, the Court is not convinced by Belkin's argument that "additional facts" are required to determine MSHP's relationship with other Defendants in this case. ECF No. 21 at 3. Belkin's Complaint alleges MSHP is a state agency. ECF No. 20-1 at ¶ 4. State entities enjoy "[f]ull common law sovereign immunity," and Belkin has failed to plead any facts suggesting MSHP's immunity has been waived. Thus, Counts I, II, III and IV will be dismissed, without prejudice.

### B.     *Federal Claims under 42 U.S.C. § 1983*

MSHP argues it is entitled to Eleventh Amendment immunity on Counts VII and VIII, Belkin's § 1983 claims, and the Court agrees. The Eleventh Amendment bars suits "by private parties seeking to impose liability which must be paid from public funds in the state treasury[.]" *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 n.34 (1984)). Here, Belkin seeks damages against MSHP, a state agency according to Belkin's own Complaint. ECF No. 20-1 at ¶ 4. Therefore, the Court finds Counts VII and VIII are prohibited by the Eleventh Amendment.

In response, Belkin argues Eleventh Amendment protection has been waived here. Specifically, Belkin cites *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), for the proposition that where, as here, a party removes a case from state court, such party waives its protections under the Eleventh Amendment. This notion, however, takes *Lapides* too far. While the Supreme Court in *Lapides* did find removal constituted a waiver of Eleventh Amendment immunity, it expressly limited its holding to situations in which the State,

being sued for state law claims, "has explicitly waived immunity from state-court proceedings." 535 U.S. at 617.

In contrast, Counts VII and VIII, claims based on 42 U.S.C. § 1983, are premised on federal law, and neither party alleges MSHP waived its immunity at the state court proceedings. The Eighth Circuit has yet to resolve whether a defendant waives immunity on a federal claim by the simple act of removing to federal court, and other circuits are split on this issue. *See, e.g.*, *Bd. or Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc.*, 653 F.3d 448, 461 (7th Cir. 2011) (describing the application of *Lapides* to all instances of removal as "the proper result"); *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 342 (1st Cir. 2011) ("[T]here is nothing unfair about allowing the state to raise its immunity defense in federal court after having removed the action. Simply put, removal did not change the level of the playing field.").

On more than one occasion, however, this Court has held *Lapides* does not extend to situations where, as here, the defendant did not waive immunity at the state level. *See, e.g.*, *Lacy v. Gray*, No. 4:13CV370 RWS, 2013 WL 3766567, at *3 (E.D. Mo. July 16, 2013); *Johnson v. Bd. of Police Comm'rs*, No.4:06CV605 CDP, 2007 WL 1629909, at **3-4 (E.D. Mo. June 4, 2007). Aside from these well-reasoned decisions, the Court is persuaded by the cogent opinions of other circuits; if removal to federal court amounted to a waiver of immunity per se,

> a state with a colorable immunity defense to a federal claim brought against it in its own courts would face a Morton's Fork: remove the federal claim to federal court and waive immunity or litigate the federal claim in state court regardless of its federal nature. Either way, the state would be compelled to relinquish a right: either its right to assert immunity from suit or its 'right to a federal forum[.]'

*Bergemann*, 665 F.3d at 342 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Therefore, the Court concludes MSHP has not waived Eleventh Amendment immunity through the simple act of removing to federal court, because under the facts of this case, the

"narrow holding of *Lapides*" does not apply. *Watters v. Wash. Metro. Area Transit Auth.*, 295 F.3d 36, 42 n.13 (D.C. Cir. 2002). The Court will dismiss Counts VII and VIII without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri State Highway Patrol's Motion to Dismiss [ECF No. 9] shall be **GRANTED**.

**IT IS FURTHER ORDERED** that, as to Defendant Missouri State Highway Patrol, Counts I, II, III, IV, VII, and VIII of the Complaint shall be **DISMISSED, without prejudice.**

Dated this  1st  Day of May, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE