UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON BELKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV00452 ERW |
| | ) |
| CASINO ONE CORPORATION d/b/a | ) |
| Lumiere Place Casino & Hotel, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Todd Barthelmass's Motion to Dismiss Count VI [ECF No. 30].

### I. BACKGROUND

The Court accepts as true the following well-pleaded facts in Plaintiff Aaron Belkin's Complaint [ECF No. 20-1].[1] *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). On January 28, 2012, Belkin attempted to patronize Lumiere Casino, a gaming institution owned and operated by Defendant Casino One Corporation d/b/a Lumiere Place Casino & Hotel (Casino). At the time, Defendants Todd Barthelmass and Ricky Rorie, gaming agents employed by Defendant Missouri State Highway Patrol (MSHP), were stationed at Casino.

Upon entering Casino's premises, Casino personnel accused Belkin of being under 21 years of age and of presenting fake identification. Notwithstanding he was, in fact, over 21 years

---

[1] On April 21, 2014, the Court granted Plaintiff's request to re-designate his Petition as his Complaint. The Complaint differs from the Petition only to the extent it contains a federal caption and an additional single page, which was mistakenly omitted from the Petition.

of age, and presented multiple forms of identification, Casino personnel detained him. During this detention, Casino personnel "became verbally abusive and aggressive towards [Belkin] and began to congregate in the area around [Belkin] in an aggressive and threatening manner." ECF No. 20-1 at ¶ 12. Belkin repeatedly asked Casino personnel to let him leave Casino premises, but, "through words and/or actions," Casino personnel prevented Belkin from doing so. ECF No. 20-1 at ¶ 13.

During Belkin's detention, Casino personnel summoned other individuals, including Barthelmass and Rorie. Barthelmass and Rorie continued to detain Belkin. They acted in an aggressive manner and subjected him to verbal abuse, including homosexual slurs. They continued to accuse Belkin of presenting fake identification and of being under 21 years of age, and they refused his requests to leave the premises. Barthelmass and Rorie "engaged in physical contact and excessive force with [Belkin], grabbing [Belkin's] arms, neck and head and forcefully throwing [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Belkin suffered physical and mental injuries, and required medical treatment.

Belkin subsequently brought the instant lawsuit, which was removed by Defendants from state court, against Casino, MSHP, Rorie, and Barthelmass. Against Barthelmass, the Complaint asserts claims of assault (Count I), battery (Count II), "battery/intent to induce apprehension" (Count III), false imprisonment (Count IV), excessive force (Count VI), and a violation of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 (Count VII). Belkin seeks relief in the form of damages. Barthelmass now moves to dismiss Count VI as it applies against him.

II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim

upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

In moving to dismiss Count VI, Barthelmass contends the Complaint fails to allege facts with sufficient specificity to state any claim. Barthelmass maintains the Complaint asserts only generic accusations against him, which are merely consistent with liability, but do not make liability plausible.

The Court does not agree. The Complaint states Barthelmass accused Belkin of presenting fake identification and of being under 21 years of age. It further alleges Barthelmass used homosexual slurs against Belkin, and denied Belkin's repeated requests to leave the

premises. Finally, the Complaint states Barthelmass "grabb[ed] [Belkin's] arms, neck and head and forcefully thr[ew] [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Based on these statements, the Court cannot conclude, as Barthelmass argues, the Complaint "fails to contain even a single allegation specific to the conduct of Defendant Barthelmass." ECF No. 30 at 3.

Even so, Barthelmass contends these allegations are insufficient, because the Complaint does not distinguish between the conduct of Barthelmass and other Defendants. Barthelmass fails to provide any authority for his contention that allegations of joint conduct constitute a basis for dismissal. Moreover, giving all reasonable inferences to Belkin, *Lustgraaf*, 619 F.3d at 872-73, and employing judicial experience and common sense, *Iqbal*, 556 U.S. at 679, the Court finds entirely plausible the notion that Barthelmass and Rorie, two gaming agents employed by MSHP and summoned to address the altercation with Belkin, acted jointly.[2] Therefore, the Court will not dismiss the Complaint merely because it alleges Barthelmass engaged in the same conduct as other Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Todd Barthelmass's Motion to Dismiss Count VI [ECF No. 29] is **DENIED.**

Dated this  1st  Day of May, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Likewise, to the extent the Complaint alleges other MSHP agents engaged in the same conduct, the Court does not find such allegations implausible.