UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AARON BELKIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00452 ERW |
| | ) | |
| CASINO ONE CORPORATION d/b/a | ) | |
| Lumiere Place Casino & Hotel, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Missouri State Highway Patrol's Motion to Dismiss Count VI [ECF No. 26].

I. BACKGROUND

The Court accepts as true the following well-pleaded facts in Plaintiff Aaron Belkin's Complaint [ECF No. 20-1].[1] *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). On January 28, 2012, Belkin attempted to patronize Lumiere Casino, a gaming institution owned and operated by Defendant Casino One Corporation d/b/a Lumiere Place Casino & Hotel (Casino). At the time, Defendants Todd Barthelmass and Ricky Rorie, gaming agents employed by Defendant Missouri State Highway Patrol (MSHP), were stationed at Casino.

Upon entering Casino's premises, Defendants accused Belkin of being under 21 years of age and of presenting fake identification. Notwithstanding he was, in fact, over 21 years of age,

---

[1] On April 21, 2014, the Court granted Plaintiff's request to re-designate his Petition as his Complaint. The Complaint differs from the Petition only to the extent it contains a federal caption and an additional single page, which was mistakenly omitted from the Petition.

and presented multiple forms of identification, Defendants detained him. During this detention, Defendants subjected Belkin to verbal abuse, including homosexual slurs. They became aggressive, congregating in the area around Belkin, and "engaged in physical contact and excessive force with [Belkin], grabbing [Belkin's] arms, neck and head and forcefully throwing [Belkin] to the ground[.]" ECF No. 20-1 at ¶ 15. Belkin suffered physical and mental injuries, and required medical treatment.

Belkin subsequently brought the instant lawsuit, which was removed by Defendants from state court. Against MSHP, the Complaint asserts claims of assault (Count I), battery (Count II), "battery/intent to induce apprehension" (Count III), false imprisonment (Count IV), excessive force (Count VI), a violation of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 (Count VII), and "failure to instruct, supervise and/or control cognizable under 42 U.S.C. § 1983" (Count VIII). Belkin seeks relief in the form of damages. MSHP now moves to dismiss Count VI as it applies against MSHP.

II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

**III. DISCUSSION**

MSHP contends Count VI should be dismissed, because it is a tort claim barred by sovereign immunity. Belkin responds MSHP may not be entitled to sovereign immunity, if it failed to perform a statutory or department-mandated duty, or if it performed a duty in bad faith. Belkin also contends additional facts are required to determine whether sovereign immunity exists.

In Missouri, "[s]overeign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. 2002) (en banc); *see also* Mo. Rev. Stat. § 537.600. It protects governments and their political subdivisions from liability relating to the torts of their officers. *Id.* Missouri has waived sovereign immunity in only two circumstances. *Id.* First, it has waived immunity relating to injuries resulting from the negligence of public employees arising out of the operation of motor vehicles. § 537.600.1(1). Second, Missouri has waived its immunity relating to injuries caused by a dangerous condition of a public entity's property. § 537.600.1(2).

The Court finds sovereign immunity applies to Counts VI. According to Belkin's own Complaint, MSHP is a state agency. ECF No. 20-1 at ¶ 4. Count VI asserts a tort claim against MSHP, and neither party argues an exception applies. Additionally, Belkin's remaining arguments are off-point. That is, by arguing MSHP failed to perform a statutory or department-mandated duty, Belkin conflates sovereign immunity with official immunity, as further evidenced by his reliance on *Vaughn v. Genasci*, 323 S.W.3d 454 (Mo. App. E.D. 2010).

Admittedly, in *Vaughn*, the Missouri Court of Appeals stated a municipal employee may

incur tort liability by failing to perform a mandatory duty, or by performing a discretionary duty with bad faith or malice. *Id.* at 456. However, the court's discussion pertained to official immunity, as demonstrated by its citations to cases discussing that doctrine. *See Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. 2006) (en banc); *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. 1986) (en banc); *Boever v. Special Sch. Dist. Of St. Louis County*, 296 S.W.3d 487, 492 (Mo. App. E.D. 2009). Significantly, "[s]overeign immunity and official immunity are distinct legal concepts and, as readily suspected, rest on different premises and serve different purposes." *Jackson v. Wilson*, 581 S.W.2d 39, 42 (Mo. App. W.D. 1979). While sovereign immunity protects the "government itself" from liability, official immunity protects "public officials . . . from damages arising from discretionary acts or functions in the performance of their official duties." *Id.* Here, MSHP has raised sovereign immunity, not official immunity,[2] as a defense. Accordingly, whether MSHP violated a mandatory duty, or performed a discretionary duty in bad faith, is irrelevant at this juncture.

Likewise, the Court is not convinced by Belkin's argument that "additional facts" are required to determine MSHP's relationship with other Defendants in this case. ECF No. 21 at 3. Belkin's Complaint alleges MSHP is a state agency. ECF No. 20-1 at ¶ 4. State entities enjoy "[f]ull common law sovereign immunity," and Belkin has failed to plead any facts suggesting MSHP's immunity has been waived. Thus, Count VI will be dismissed, without prejudice.

---

[2] In any event, MSHP is a state entity, not a public official. Therefore, at this time, the Court cannot foresee a situation in which MSHP would qualify for official immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri State Highway Patrol's Motion to Dismiss Count VI [ECF No. 26] is **GRANTED.**

**IT IS FURTHER ORDERED** that, as to MSHP, Count VI of the Complaint shall be **DISMISSED, without prejudice.**

Dated this <u>1st</u> Day of May, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE