UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON BELKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV00452 ERW |
| | ) |
| CASINO ONE CORPORATION, | ) |
| d/b/a Lumiere Place Casino & Hotel, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Todd Barthelmass's Motion for Summary Judgment [ECF No. 80] and Defendant Casino One Corporation's Motion for Summary Judgment [ECF No. 83].

## I. BACKGROUND

Plaintiff Aaron Belkin ("Plaintiff") filed suit against Defendants Casino One Corporation ("Casino One") and Todd Barthelmass ("Barthelmass") for actions occurring on January 28, 2012, when Plaintiff attempted to gain entry to Casino One's casino, Lumiere Place. Barthelmass filed a Motion for Summary Judgment asserting he is entitled to summary judgment on Plaintiff's claims of false imprisonment and excessive force. ECF No. 80. Casino One filed a Motion for Summary Judgment asserting it is entitled to summary judgment on Plaintiff's claim of false imprisonment. ECF No. 83.[1]

This case is based on events that occurred when Plaintiff, who was over twenty-one years of age at the time, attempted to gain entry to the Lumiere Casino. ECF No. 98 at ¶ 1; 97 at ¶ 2.

---

[1] Both Defendants' summary judgment motions also included arguments regarding other claims brought by Plaintiff. Those claims have since been dismissed by Plaintiff and will not be addressed by this Court.

1

When Plaintiff attempted to enter the Casino he was asked for his identification by Valeria Mooney ("Mooney"), an employee of Casino One. ECF No. at 97 ¶ 5; 98 at ¶ 2. After Plaintiff's identification was placed into Casino One's verification system and was rejected by the system,[2] Plaintiff was asked for additional forms of identification and he provided a student identification card and a credit card. ECF No. 98 at ¶ 3-4. Casino One's Security Manager, Jared Sides ("Sides"), who had previously received training on recognizing false identification, was asked, by Mooney, to review the identification. He did not believe the identification was authentic, and contacted the Missouri Gaming Commission ("MGC") to perform a false identification investigation of Plaintiff. ECF No. 97 at ¶ 11-14, 17; 98 at ¶ 5. Plaintiff does not recall if he ever asked Mooney or Sides if he was free to leave or if he could have his identification returned to him throughout the entire incident. ECF No. 97 at ¶ 41-42.

Missouri State Highway Patrol Officers Ricky Rorie and Barthelmass, who were the officers on duty at the MGC office in Lumiere Casino, responded to the call from Mooney and Sides. ECF No. 98 at ¶ 6. Officer Rorie and Barthelmass discussed with Mooney and Sides the issues regarding Plaintiff's identification, and Officer Rorie examined the identification. ECF No. 98 at ¶ 7-8. Officer Rorie stated Plaintiff's identification appeared to have a shadow behind his picture, and his Visa credit card indicated he was a member since 1997, although Plaintiff was born in 1990. ECF No. 97 at ¶21-22. At this point and time, Plaintiff alleges he was told he was not free to leave, and Officers Rorie and Barthelmass handcuffed him, slammed his head into the ground, and punched him. ECF No. 85-2, pg. 67. Defendants contend Plaintiff refused to comply with the officers' orders. ECF No. 98 at ¶ 10, 97 at ¶ 23-27. Officers Rorie and Barthelmass took

---

[2] Plaintiff objects to the fact the verification system flagged Plaintiff's license as a potentially false identification stating it is hearsay. This fact is not being used for the truth of the matter asserted but instead explains Mooney's actions in consulting Sides. Therefore, this is not a valid hearsay objection. As Plaintiff does not provide any other support for it denial of this fact, the Court finds it is uncontroverted.

him to the MGC office. ECF No. 97 at ¶ 28. While in the MGC office, Plaintiff began to complain of head pain and at the request and permission of Plaintiff, a Lumiere Casino emergency medical technician responded and examined Plaintiff. ECF No. 33.

## II. STANDARD OF REVIEW

Summary judgment is proper only if there exists "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Bores v. Domino's Pizza, LLC*, 530 F3d 671 674 (8th Cir. 2008). The burden of proof is on the party moving for summary judgment; the facts and all reasonable inferences are to be viewed in the light most-favorable to the non-moving party. *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008). "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, 'the nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir. 2003) (*quoting Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir.1998)). A non-moving party may satisfy its burden of proof by demonstrating the movant has not established an essential element of a claim or by making an affirmative evidentiary showing negating a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986).

Material facts are determined by substantive law, and factual disputes which are irrelevant or collateral do not preclude summary judgement. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). A dispute is a genuine issue where the evidence is such a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. The factual dispute must be in relation to legal elements of the claim; materiality is not a concern in evaluating the evidentiary underpinning of those disputes. *Id*. at 248.

**III. DISCUSSION**

Both Defendants move for summary judgment on Plaintiff's claim of false imprisonment, and Barthelmass also moves for summary judgment on Plaintiff's claim of excessive force. Casino One alleges Plaintiff's claim for false imprisonment fails as Casino One employees did not detain Plaintiff, or if they did, it was a brief, justifiable detention to determine if his identification was authentic. Barthelmass, in his Motion for Summary Judgment, asserts the false imprisonment claim against him fails because there is no evidence to establish his restraint was unlawful. Barthelmass also argues summary judgment is appropriate because excessive force is not a recognized cause of action in Missouri.

Plaintiff argues summary judgment is inappropriate for Casino One as the casino instigated the false imprisonment by Barthelmass and unjustifiably detained Plaintiff. Plaintiff further contends Barthelmass lacked probable cause to detain him and the claim of excessive force is a claim upon which relief can be granted.

    *A.    Summary Judgment on Count IV, False Imprisonment*

Defendants Casino One and Barthelmass each move for summary judgment on Plaintiff's claims of false imprisonment against them. "False imprisonment, also called false arrest, is 'the confinement, without legal justification, by the wrongdoer of the person wronged.'" *Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006) (*quoting Warrem v. Parrish*, 436 S.W.2d 670, 672 (Mo. 1969)). The elements of a claim of false imprisonment are (1) the detention or restraint of the plaintiff against his will and (2) the unlawfulness of the detention or restraint. *Rankin v. Venator Grp. Retail, Inc.*, 93 S.W.3d 814, 822 (Mo. Ct. App. 2002).

A person can be liable for false imprisonment or false arrest if he encourages, causes, promotes, or instigates the arrest. *Highfill*, 186 S.W.3d at 280. Providing information that forms

the basis of a false arrest can make the provider liable for the false arrest, unless this information is true, as truth is a complete defense. *Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 473 (Mo. Ct. App. 2005). A person can also be liable when they provide information which forms the basis of the false imprisonment claim. "Whether a person instigated an arrest is a fact-specific inquiry; there is no fixed test that may be applied." *Id. (quoting Smith v. Allied Supermarkets, Inc.,* 524 S.W.2d 848, 852 (Mo. banc 1975)). Reporting incorrect facts to a police officer, and leaving it to the officer's discretion does not subject a person to liability for false imprisonment, by itself. *Highfill*, 186 S.W.3d at 280. When providing information which forms the basis of an imprisonment creates liability for false imprisonment, a higher degree of culpability is required, such as knowingly providing false, incomplete, or misleading information *Highfill*, 186 S.W.3d at 280 (citing *Jacobs v. Bonser,* 46 S.W.3d 41, 48 (Mo. Ct. App.2001)).

A police officer is entitled to a make a warrantless arrest if there is at least arguable probable cause. *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011). "An officer has probable cause to make a warrantless arrest when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Id.* (*quoting Fisher v. Wal–Mart Stores, Inc. et al.*, 619 F.3d 811, 816 (8th Cir.2010)).

    1.    Count IV, False Imprisonment, against Casino One

First, Casino One asserts summary judgment is appropriate because Plaintiff cannot offer any evidence a Lumiere Casino employee detained him. Plaintiff contends there is no direct evidence Plaintiff was free to leave, and Mooney's statements of "stay here" and holding Plaintiff's identification cause a reasonable person to believe he is not free to leave. Casino One

argues this is not detainment because Plaintiff voluntarily provided his identification to Mooney and never asked Mooney or Sides if he was free to leave or for his identification to be returned.

A reasonable finder of fact could determine Plaintiff was detained by Casino One. Mooney ordered Plaintiff to "stay there" while she consulted with Sides as to Plaintiff's identification. ECF No. 85-2, pg. 49:14-24. Further, Mooney and Sides, authority figures, were in possession of Plaintiff's identification and Visa credit card. It is entirely reasonable for Plaintiff to believe he was not permitted to leave. Casino One cites *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292 (Mo. Ct. App. 1997), for the proposition summary judgment is appropriate because Plaintiff cannot proffer any evidence he was detained. In *Hyatt*, the plaintiff was told by police officers to remain in the waiting room of an airport. 943 S.W.2d at 299. The Missouri Court of Appeals for the Eastern District held the plaintiff needed to show "the restraint imposed on him was total and not merely an obstruction of his right to go where he pleased." *Id*. Further, the court held there was no evidence the plaintiff was neither free to leave the waiting area nor the airport. *Id*. Here, it can be reasonably construed the restraint on Plaintiff was absolute and he was not free to go where he pleased. Evidence exists showing Plaintiff was told to "stay there" by Mooney while she was in possession of his identification and credit card. A reasonable juror could find Plaintiff was detained by Casino One. The Court's analysis does not end with finding Plaintiff may have been detained. For Plaintiff's claim to survive summary judgment, the detainment must have been without legal justification.

Casino One asserts if it did detain Plaintiff, it was justified and had probable cause to briefly detain him and investigate the authenticity of his identification. Probable cause is a mixed determination of law and fact. *Linkogel v. Baker Protective Servs., Inc.*, 659 S.W.2d 300, 304 (Mo. Ct. App. 1983). Where the existence of probable cause is in conflict, the factual issues are for the

fact finder, but where the evidence is not conflicting, or where facts are conceded, it becomes a question of law. *Id.* (*citing Meysenberg v. Engelke*, 18 Mo.App. 346 (1885)). The fact a plaintiff is later found to be innocent is not material to the determination of probable cause. *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013).

Casino One's employees had probable cause to briefly detain Plaintiff. Missouri law prohibits a person under twenty-one years of age from making a wager or being allowed in the area of a casino where gambling is being conducted. Mo. Rev. Stat. § 313.817(4). The law further states it is unlawful for a person to present false identification to a gaming agent. Mo. Rev. Stat. § 313.817(7). When Casino One's identification verification system rejected Plaintiff's identification, casino employees had probable cause to briefly detain Plaintiff for further investigation.[3] Sides, who is trained in identifying false identification, examined the identification and also believed it was false. It was reasonable for Casino One's employees to believe Plaintiff was committing an offense and to detain him until MGC officers could arrive to investigate further. *See* 11 C.S.R. 45-5.053(3)(M) (A casino must report to the MGC known or suspected violations of law). Therefore, Casino One acted with legal justification in detaining Plaintiff and Plaintiff's false imprisonment claim fails as a matter of law.

Plaintiff's assertion Casino One can be liable for false imprisonment because it instigated Plaintiff's false imprisonment by Barthelmass also fails. "When a person merely states facts to an officer, while leaving it to the officer to act as he sees fit, that person is not liable for false arrest." *Blue*, 170 S.W.3d at 473. Here, Casino One employees detained Plaintiff while they notified MGC officers of a possible false identification. Mooney and Sides reported their findings to Officers

---

[3] Whether Casino One's identification verification system was working properly is not relevant to this analysis. The only matter which is relevant is whether Mooney had a reasonable belief Plaintiff's identification was false so as to lead to further investigation. There is no evidence Mooney had any reason to doubt the verification system or believe it was not working properly.

Rorie and Barthelmass and Officer Rorie conducted his own inspection of Plaintiff's identification. Any actions which occurred after Officer Rorie inspected the identification were done on the basis of Officer Rorie's own inspection and beliefs as to whether Plaintiff's identification was false. There is no evidence to suggest Mooney and Sides presented the officers with any other information than what they believed to be true in regards to Plaintiff's identification. Casino One did not instigate Plaintiff's alleged false imprisonment by Barthelmass.

Although Plaintiff asserts there are possible interpretations as to what happened and a submissible case has been presented, the Court does not agree. There is no genuine dispute of material fact as to Casino One's employees' belief Plaintiff's identification was false. As there was probable cause for Plaintiff's brief detainment and Casino One's employees did not instigate Plaintiff's alleged false imprisonment by Barthelmass, summary judgment must be granted in favor of Casino One on Count IV of Plaintiff's Amended Complaint.

2.  Count IV, False Imprisonment, against Barthelmass

Barthelmass asserts he cannot be liable for false imprisonment because he had probable cause to detain and arrest Plaintiff. Plaintiff argues Barthelmass failed to perform any additional testing on Plaintiff's identification, and his conduct once he took Plaintiff to another room can be considered in determining if probable cause existed. Similar to its analysis and determination Casino One was justified in detaining Plaintiff, the Court also finds Barthelmass was justified in detaining Plaintiff to determine if his identification was false.

The Eighth Circuit case, *Borgman v. Kedley*, 646 F.3d 518 (8th Cir. 2011) is instructive in determining if Barthelmass had probable cause to detain Plaintiff. In *Borgman*, the plaintiff sued a law enforcement officer for a violation of her constitutional rights and for false arrest and imprisonment. *Borgman*, 646 F.3d at 520. The plaintiff had voluntarily excluded herself from a

casino and signed a form which stated she may be arrested for trespassing if she attempted to enter the casino. *Id.* at 520-521. When the plaintiff attempted to enter the casino, a security officer advised her she was barred from the casino and called a law enforcement officer who was stationed at the casino. *Id.* at 521. After being informed of the situation by the security officer and given the exclusion form the plaintiff had previously signed, the officer placed her under arrest for trespassing. *Id.* at 522. The Eighth Circuit held there was arguable probable cause to arrest the plaintiff for trespassing and in making the determination there was probable cause, the officer was entitled to rely on the information told to him by casino security. *Id.* at 523. Further, the Eighth Circuit stated "[i]n considering information given by a victim of a crime, an officer need not conduct a 'mini-trial' before effectuating an arrest although he cannot avoid 'minimal further investigation' if it would have exonerated the suspect." *Id*. "When an officer is faced with conflicting information that cannot be immediately resolved, [] he may have arguable probable cause to arrest a suspect." *Id*.

Similarly in this matter, Barthelmass spoke to Casino One employees about Plaintiff's potentially false identification. After learning of the situation from the employees, Officer Rorie conducted his own investigation of the identification. He stated the picture on the identification had a shadow behind it and he was suspicious because Plaintiff's credit card stated he had been a member since 1997 even though Plaintiff was born in 1990. Officer Rorie's examination and conclusions regarding the identification, along with the Casino One's employees' report the verification system had flagged Plaintiff's identification as false were enough to establish probable cause for Barthelmass to detain Plaintiff. As in *Borgman*, Barthelmass was permitted to rely on information from casino security and his fellow officer regarding the potential crime.

For Plaintiff to establish false imprisonment, Barthelmass's detainment of Plaintiff must have been without legal justification. Barthelmass had probable cause to detain Plaintiff on the belief he had committed a crime in attempting to enter a casino while underage and with a false identification. Plaintiff's argument Barthelmass's actions in the back room can be considered in determining if Plaintiff was falsely imprisoned is not valid. The only consideration is whether Plaintiff was detained without legal justification. This is decided by determining if there is probable cause, which is an objective analysis whether a reasonable person would believe Plaintiff was committing or committed an offense. *Borgman*, 646 F.3d at 523. Thus, because Barthelmass had probable cause to detain Plaintiff, he cannot be liable for false imprisonment. Summary judgment will be granted in favor of Barthelmass on Count IV of Plaintiff's Amended Complaint.

      B.      *Count VI, Excessive Force, against Barthelmass*

In Count VI, Plaintiff asserts a state claim against Barthelmass for excessive force. Barthelmass argues excessive force is not a cause of action under Missouri law and must be dismissed. Plaintiff contends it is permissible because it is a cause that might be adopted in this action, but he fails to cite any case law to support this proposition. The Court has reviewed the relevant case law and has failed to find a single case in Missouri which recognizes excessive force as a state cause of action separate from an excessive force claim brought pursuant to 42 U.S.C. § 1983. One case references a tort for excessive force which is listed in the Restatement (Second) of Torts, but states Missouri has not adopted this section of the Restatement. *See Healy v. City of Brentwood*, 649 S.W.2d 916, 919-920 (Mo. Ct. App. 1983). Missouri Approved Jury Instruction 23.02 has a provision to add an additional statement to the battery instruction when excessive force is used by a law enforcement officer but the instructions do not contain an instruction for a separate tort of excessive force. Therefore, the Court must agree with Barthelmass; excessive force

is not a recognized cause of action under Missouri law, separate and apart from battery. Count VI against Barthelmass must be dismissed.

**IV.     CONCLUSION**

Summary Judgment on Plaintiff's Count IV against Defendants Casino One and Barthelmass is granted in favor of Defendants because they were legally justified in detaining Plaintiff to investigate whether he had attempted to enter the casino underage and using a false identification. Plaintiff's Count VI against Barthelmass for excessive force must be dismissed because excessive force is not a recognized cause of action in Missouri. The remaining claims in this matter are Count I for assault against Barthelmass and Count II for battery against Barthelmass.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Todd Barthelmass's Motion for Summary Judgment [ECF No. 80] is **GRANTED**. Count IV against Defendant Todd Barthelmass is **DISMISSED, with prejudice**. Count VI against Defendant Todd Barthelmass is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Defendant Casino One Corporation's Motion for Summary Judgment [ECF No. 83] is **GRANTED**. Count IV against Defendant Casino One Corporation is **DISMISSED, with prejudice**. Defendant Casino One is hereby dismissed from this matter.

So Ordered this 15th Day of March, 2016.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**